UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
RON FELDMAN,

        Plaintiff,

       - against -

UNITED PARCEL SERVICE, INC.,
GARY WEISS, INC. and GARY WEISS,

        Defendants.
----------------------------------x

**MEMORANDUM AND ORDER**

06 Civ. 2490 (MHD)

**MICHAEL H. DOLINGER**
**UNITED STATES MAGISTRATE JUDGE:**

By Memorandum and Order dated March 17, 2008, we granted in part a motion by defendant United Parcel Service ("UPS") for summary judgment. UPS subsequently moved for reconsideration of two aspects of our decision. We grant defendant's motion, and for reasons briefly noted, we modify our prior decision accordingly.

Insofar as we defined the surviving claims under federal common law as encompassing both breach-of-contract and negligence theories, we revise the decision to limit the federal claim to one for breach of contract. As defendant notes, the Second Circuit has held that a shipper suing a carrier for loss or damage to cargo under federal common law is limited to claims for contract breach. See Nippon Fire & Marine Ins. Co., Ltd. v. Skyway Freight Sys., Inc., 235 F.3d 53, 58, 60-62 (2d Cir. 2000). Accordingly, any

1

recovery in this case premised on federal common law must rest on a theory that UPS breached its contract of carriage with the plaintiff.

The remaining issue concerns whether plaintiff may possibly proceed on a theory that UPS breached a contract for the provision of insurance, based on testimony by plaintiff that he had paid a sum of money over and above the basic charge for carriage to insure the package for $50,000.00. We raised this issue sua sponte with counsel at the original oral argument because the evidentiary record suggested this potential theory of recovery under state law, although plaintiff had not specifically articulated the claim in his complaint. In the wake of oral argument we ruled that the factual record, although murky, left open the possibility that a trier of fact might find the existence of a separate insurance contract, unrelated to rates, routes and services, and thus reserved this claim for trial.

As defendant on reargument properly notes, under the applicable UPS tariff (at Item 535), UPS limited its exposure for lost or damaged cargo to $100.00, but permitted the customer to obtain additional coverage up to $50,000.00, the maximum value for which UPS would carry an item of cargo. There appears to be no dispute that when plaintiff paid extra for higher coverage, he was

doing so pursuant to Item 535 of the UPS Tariff.

The UPS limitation-of-liability proviso comes within the category of so-called "released rate" programs. Common carriers have traditionally used such provisions to limit their otherwise strict liability under common law, see, e.g., Adams Express Co. v. Croninger, 226 U.S. 491, 509-10 (1913), and -- of particular significance -- the common law has recognized the extra charge as part of the transportation rate. See id.

That treatment was embodied in the so-called Carmack Amendment, governing motor carriers, 49 U.S.C. § 14706(c)(1), and the courts have explicitly and consistently held that under the terms of this amendment, customers cannot assert separate state-law claims for breach of an insurance contract. See, e.g., Hughes v. United Van Lines, 829 F.2d 1407, 1410 n.3, 1412 n.5, 1415 (7th Cir. 1987); Nichols v. Mayflower Transit, LLC, 368 F. Supp. 2d 1104, 1107-09 (D. Nev. 2003) (citing cases). The current lawsuit involves air transportation and is therefore not controlled by the Carmack Amendment. Nonetheless, the governing federal common-law principles for air transport parallel the legal rules developed under the Carmack Amendment. See, e.g., Vogelsang v. Delta Air Lines, Inc., 302 F.2d 709, 712 (2d Cir. 1962). Moreover, there is no reasonable basis for treating the principle of preemption applicable to air

3

transportation any differently from that which applies to motor-carrier transport, and hence it follows that the extra charge paid by plaintiff to UPS for enhanced coverage constitutes part of the transportation fee, which excludes any state-law claim pertaining to that fee or the quid pro quo that it represents. Hence the state-law insurance claim is preempted.

Dated: New York, New York
       June 25, 2008

_____
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Memorandum and Order have been mailed today to:

4

Mark R. Muccigrosso, Esq.
Talkin, Muccigrosso & Roberts, L.L.P.
40 Exchange Place
18th Floor
New York, New York 10005

Mark David McPherson, Esq.
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, New York 10104-0050

Peter S. Gordon, Esq.
Gordon & Gordon
108-18 Queens Boulevard
Forest Hills, New Y9ork 11375